**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS**

FRANK CEPEDA, JR.,

    Plaintiff,

-vs-                              Case No. 2019-CV-02084

TEREX CORPORATION,
a foreign corporation; TEREX
USA, LLC, a foreign limited
liability company; and TEREX
UTILITIES, INC., a foreign
corporation,

    Defendants.

---

### AMENDED COMPLAINT

Plaintiff, through counsel Bradley A. Pistotnik and J. Corey Sucher of Brad Pistotnik Law, P.A. and, pursuant to Rule 15(a)(2) of The Federal Rules of Civil Procedure, files this Amended Complaint and states:

### *GENERAL ALLEGATIONS*

1. Plaintiff is a resident of Kansas.

2. Defendant Terex Corporation (hereinafter, "Defendant Corporation") is a foreign corporation with a principal place of business in Westport, Connecticut and, upon information and belief, may be served through its registered agent, Corporation Service Company, located at 50 Weston Street, Hartford, Connecticut 06120-1537.

3. Defendant Terex USA, LLC (hereinafter, "Defendant USA, LLC") is a foreign limited liability company with a principal place of business in Westport, Connecticut and, upon information and belief, may be served through their attorney, Brian Boos and Penny Calhoun

of Wallace Saunders, Chartered.

4. Defendant Terex Utilities, Inc. (hereinafter, "Defendant Utilities, Inc.) is a foreign corporation with a principal place of business in Tigard, Oregon and, upon information and belief, may be served through their attorney, Brian Boos and Penny Calhoun of Wallace Saunders, Chartered.

5. Defendants Corporation; USA, LLC; and Utilities, Inc. are related entities and alter egos of one another. Alternatively, Defendants USA, LLC and Utilities, Inc. are subsidiaries of Defendant Corporation and/or of each other.

6. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7. This Court has proper venue and jurisdiction over the persons and subject matter.

8. Defendants' Driver, Clyde Shelton (hereinafter, "Driver"), was operating in the course and scope of his employment with Defendants at the time and moment of the motor vehicle collision that is the subject matter of this complaint (hereinafter, "the collision").

9. For all allegations brought in this complaint, the actions and omissions of Driver are the actions and/or omissions of Defendants under the doctrines of respondeat superior and vicarious liability.

10. Defendant Corporation applied for motor carrier authority through the United States Department of Transportation (DOT) to operate as a motor carrier under DOT number 415754; Defendant USA, LLC applied for motor carrier authority through the United States DOT to operate as a motor carrier under DOT number 2140246; and Defendant Utilities, Inc. applied for motor carrier authority through the United States DOT to operate as a motor

carrier under DOT number 1199019.

11. On or about the 21st day of July, 2017, Plaintiff was operating a motor vehicle northbound on 2nd Avenue in Ford County, Kansas and, while properly yielding to traffic prior to attempting a left turn onto westbound Wyatt Earp Boulevard, Driver negligently and carelessly rear-ended Plaintiff while following too closely, thereby proximately causing a collision, along with injuries and damages to Plaintiff.

12. Officer M. Faulkner of the Dodge City Police Department opined that the sole contributing circumstance to the collision was Driver's inattention (code 24).

13. Defendant's commercial motor vehicle involved in the collision was dispatched, supervised, maintained, monitored, operated, and controlled by the department of operations and/or the fleet management of one of more of Defendants.

14. Driver was hired, supervised, and trained by one or more of Defendants.

15. Defendants were operating a fleet of commercial motor vehicles, trucks, and/or other vehicles as a motor carrier as defined by the Federal Motor Carrier Safety Regulations (FMCSR).

16. At all times material hereto, Defendants and Driver were operating under the authority of the DOT and the DOT license number or numbers noted above.

17. 49 CFR § 390.3(e)(1) & (2) provide that every Driver and employee shall be instructed regarding and shall comply with all applicable regulations contained in the FMCSR.

18. 49 CFR § 390.5 provides that "motor carrier" means a for-hire motor carrier or a private motor carrier. The term includes a motor carrier's agents, officers, and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching Drivers.

19. Defendant Corporation was at all material times a "motor carrier" and an "employer" of Driver as defined in 49 CFR §390.5T.

20. Defendant USA, LLC was at all material times a "motor carrier" and an "employer" of Driver as defined in 49 CFR §390.5T.

21. Defendant Utilities, Inc. was at all material times a "motor carrier" and an "employer" of Driver as defined in 49 CFR §390.5T.

22. Driver was at all material times an "employee" of Defendants as defined in 49 CFR §390.5T.

23. 49 USC § 14704(a)(2) provides that "A carrier . . . is liable for damages sustained by a person as a result of an act or omission of that carrier. . . in violation of this part."

24. 49 USC § 14101(a) provides that "a motor carrier shall provide safe and adequate service, equipment and facilities." Defendants and Driver negligently and carelessly failed to provide safe and adequate service, which proximately caused the injuries and damages to Plaintiff.

25. The FMSCRs are located at 49 CFR § 390 *et seq.* 40 C.F.R. § 391.1(a) and (b) state, "(a) The rules in this part establish minimum qualifications for persons who drive commercial motor vehicles, as, for, or on behalf of motor carriers. The rules in this part also establish minimum duties of motor carriers with respect to the qualification of their drivers. (b) An individual who meets the definition of both a motor carrier and a driver employed by that motor carrier must comply with both the rules in this part that apply to motor carriers and the rules in this part that apply to drivers." Per these sections, the FMCSRs set forth the applicable minimum industry standard of care, including minimum qualifications for drivers and minimum duties for drivers.

## *THE FEDERAL MOTOR CARRIER SAFETY REGULATIONS SET FORTH THE APPLICABLE MINIMUM INDUSTRY STANDARD OF CARE TO ESTABLISH NEGLIGENCE AND LACK OF CARE*

26. Plaintiff re-alleges the allegations contained in paragraphs one (1) through twenty-five (25) above as though fully set forth herein.

27. The allegations contained in this complaint regarding the FMCSRs are set forth to establish that Defendants and Driver failed to comply with the industry minimum standards of care per the FMCSRs in order to establish negligence on the part of Defendants and Driver; *Plaintiff does not allege any private causes of action for violations of the FMCSRs.*

28. The actions and/or omissions of Driver are the actions and/or omissions of Defendants under the doctrines of respondeat superior and vicarious liability and are negligent and careless for the following reasons:

    A. Inattentive operation of a commercial motor vehicle;

    B. Following too closely;

    C. Operation of a commercial motor vehicle while using a cellular phone, GPS, PDA, mapping or other message device;

    D. Driving while using Google maps, Apple Maps, or other cellular mapping navigational software program that served to pull Driver's attention away from the traveled roadway;

    E. Speeding in excess of what was reasonable for the then existing conditions of stopped traffic;

    F. Failing to keep a proper lookout;

    G. Failing to exercise ordinary and reasonable care;

    H. Failing to warn;

I. Operation of a commercial motor vehicle without first ascertaining that movement can be safely made;

J. Failing to meet the minimum duties and industry standards of care set forth under 49 CFR § 381 through 399;

K. Failing to meet the minimum duties and industry standards of care set forth under 49 CFR § 392.3 by operation of a commercial motor vehicle while the Driver's ability or alertness is impaired;

L. Failing to meet the minimum duties and industry standards of care set forth under 49 CFR § 391.11(a) by operation of a commercial motor vehicle when the Driver is not properly qualified pursuant to this regulation;

M. Failing to meet the minimum duties and industry standards of care set forth under 49 CFR § 383.113 by operating a fleet vehicle and commercial motor vehicle when the Driver does not possess and demonstrate the safe driving skills required by this regulation;

N. Failing to meet the minimum duties and industry standards of care set forth under 49 CFR § 383.111 by operating a fleet vehicle and commercial motor vehicle when the Driver did not have sufficient basic knowledge of safe operating regulations, including the effects of fatigue, safety systems knowledge, basic knowledge of basic control maneuvers, and basic information on hazard perception and when and how to make emergency maneuvers;

O. Failing to meet the minimum duties and industry standards of care set forth under 49 CFR § 383.110 by operation of a fleet vehicle and commercial

       motor vehicle without the knowledge and skills necessary to operate the same safely;

P. Upon information and belief, violation of K.S.A. 8-15,111, which places a duty upon Drivers not to operate a motor vehicle while using a wireless communications device to write (i.e., type), send, or read a written communication including, but not limited to, a text message, instant message, and/or or electronic mail;

Q. Negligence and negligence per se for violation of laws, statutes, ordinances and regulations of the State of Kansas and/or the County of Ford and/or the City of Dodge City; and

R. For other actions and omissions that will be supplemented after the receipt of full and complete discovery in this case.

### *NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION CLAIMS*

29. Plaintiff re-alleges the allegations contained in paragraphs one (1) through twenty-eight (28) above as though fully set forth herein.

30. Upon information and belief, Defendants are negligent and careless for failing to meet the minimum duties and industry standards of care set forth in 49 CFR § 391.11, 49 CFR § 391.21, and 49 CFR § 391.23 by failing to properly qualify Driver, by failing to properly make appropriate investigation and inquiries of Driver's background in the prior ten (10) year period, and by failing to obtain the federally required information on the application for employment of Driver with appropriate ten (10) year background checks, criminal history checks, and obtaining actual responses from prior employers.

31. Upon information and belief, Defendants are negligent for failing to immediately terminate,

suspend, or reprimand Driver.

32. Upon information and belief, Defendants are negligent for failing to retrain Driver in defensive driving skills, hazard perception skills, and accident avoidance techniques.

33. Defendants are negligent and careless for failing to meet the minimum duties and industry standards of care set forth in 49 C.F.R. § 391.31 by failing to properly safety train Driver in safety skills, accident avoidance techniques, and hazard perception skills, and also by failing to then administer Driver comprehensive written and road tests in order to acquire an understanding of whether Driver understood said safety training.

34. Defendants' actions and/or omissions in hiring Driver, establishes negligent hiring, retention, supervision, and training of Driver and supervisory managers above Driver.

35. Defendants and their respective agents, employees, and representatives were careless and negligent for negligent hiring, training, supervision, and retention of Driver and his supervisory personnel.  Defendants negligently and/or carelessly hired unfit employees and agents and then failed to properly train, supervise, and monitor them and, additionally, Defendants retained employees and agents that were not performing their jobs properly or adequately.  This includes, but is not limited to, Driver and his supervisory personnel. Defendants had an obligation to use reasonable care in selecting and retaining its employees, agents, and independent contractors, and were negligent in hiring, selecting, training, monitoring, and retaining employees, agents, and independent contractors, including, but not limited to, Driver.  Defendants negligently and carelessly failed to use reasonable care in the hiring, selecting, training, monitoring, and retention of their employees and agents, including, but not limited to, Driver.  Defendants knew or reasonably should have known that they were not hiring safe and competent employees

and agents and negligently and carelessly violated their duty to hire only safe and competent employees. Defendants knew or reasonably should have known that their employees and agents, including, but not limited to Driver, created and were an undue risk of harm to Plaintiff, and negligently and carelessly failed to reprimand, retrain, or terminate their employees, agents, and independent contractors, including Driver and his supervisory personnel.

36. Defendants' hiring, training, monitoring, supervision, and retention of unsafe and incompetent employees, agents, and independent contractors, including Driver and his supervisory personnel, proximately caused the injuries to Plaintiff.

37. Defendants failed to have adequate safety management protocols in place.

38. Defendants failed to properly create and implement a proper safety program that would require Driver to be adequately tested in written form to determine that he had appropriate defensive driving skills.

39. Defendants, upon information and belief, failed to test Driver for alcohol and drug consumption after the collision.

### *RATIFICATION IS ESTABLISHED BY EXPRESS OR IMPLIED RATIFICATION*

40. Plaintiff re-alleges the allegations contained in paragraphs one (1) through thirty-nine (39) above as though fully set forth herein.

41. Defendants have ratified all conduct of Driver either expressly or impliedly. Upon information and belief, Driver was not reprimanded, suspended, terminated, or retrained following the collision.

### *INJURIES AND DAMAGES TO PLAINTIFF*

42. Plaintiff re-alleges the allegations contained in paragraphs one (1) through forty-one (41)

    above as though fully set forth herein.

43. As a further direct and proximate result of the negligence and carelessness of Defendants and Driver, as aforesaid, Plaintiff has received injuries to his body, including, but not limited to, his spine/back, neck, head, arms, wrist, shoulders, jaw, chest, and hands/fingers. Plaintiff has suffered/is suffering with pain, tenderness, stiffness, weakness, and/or limited range of motion throughout these parts of his body; carpel tunnel syndrome; multiple c-spine disk injuries; thoracic outlet syndrome; radiating pain into his upper back, shoulder, arms, hands, and fingers; headaches; numbness and tingling in arms and shoulders; and muscle spasms in jaw and neck; among other symptoms and diagnoses. Plaintiff has had to undergo numerous medical appointments, physical therapy, x-rays, CT scans, MRIs, trigger point injections, an epidural steroid injection, a nerve conduction study, wearing of wrist brace, surgery to treat thoracic outlet syndrome, among other treatments. Plaintiff may have had aggravation to a pre-existing condition, was otherwise injured, and has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future, Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, Plaintiff has been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00).

    Plaintiff prays for a judgment against each Defendant in an amount in excess of seventy-five thousand dollars ($75,000.00), for costs herein, and for such other and further relief as the Court deems just and equitable.

**BRAD PISTOTNIK LAW, P.A.**

*/s/ Bradley A. Pistotnik*
Bradley A. Pistotnik, #10626
J. Corey Sucher, #27789
10111 E. 21st Street North, Suite 204
Wichita, KS 67206
316-684-4400/ Fax: 316-684-4405
brad@bradpistotniklaw.com
corey@bradpistotniklaw.com
*Attorneys for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff demands a pretrial conference and a trial by jury in this matter.

*/s/ Bradley A. Pistotnik*
Bradley A. Pistotnik, #10626

## DESIGNATION FOR PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the place for trial in this matter.

*/s/ Bradley A. Pistotnik*
Bradley A. Pistotnik, #10626